**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| E. H. et al. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08-2392 |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| et al. | : | |
| Defendants. | : | |
| | : | |

**Goldberg, J.**                                                    **December 21, 2009**


### MEMORANDUM OPINION


Before the Court is Plaintiffs' Motion for Leave to Amend their Complaint, which seeks to add two additional defendants, Assessment Treatment Alternatives ("ATA") and ATA's employee, Ifeaniyui Azubike. Plaintiffs' motion requests permission to bring numerous causes of action pled in the original Complaint against ATA and Azubike and to add a negligence claim against ATA, Azubike and existing Defendant, Wilson Ayerro. Because we find that the claims against ATA and Azubike are time barred and do not meet the relation back requirements pursuant to Fed. R. Civ. P. 15(c), Plaintiffs' motion will be denied. Plaintiffs' motion to add a negligence claim against Ayerro is, however, granted.

1

## BACKGROUND

This case involves a law suit brought by Plaintiffs E.H., a minor, and his mother, against the School District of Philadelphia, Karen White, a special education teacher employed by the school district, and Wilson Ayerro, a therapeutic support staff worker (collectively "Defendants"). E.H. was six (6) years old at the time of the alleged incident and has been diagnosed with Down Syndrome, autism, and significant developmental delays.

The Complaint stems from an event occurring at E.H.'s school on June 1, 2006. As a part of his Individualized Education Program, E.H. was provided with a therapeutic staff support worker throughout the day. Plaintiffs have alleged that his support worker, Ayerro, who was supervised by White, struck E.H., causing his head to slam into the table at which he was sitting. Plaintiffs also claim that Ayerro forcefully smacked E.H. in the back of the head later that same day. E.H.'s mother reported the incident to the police and a police report was filed on June 13, 2006 with the Special Victims Unit of the Philadelphia Police Department. (Compl., ¶¶ 10-34.)

This action was originally brought pursuant to 42 U.S.C. §1983; §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; and the Americans with Disabilities Act, 42 U.S.C §12131. Plaintiffs have also pled certain state law claims. In its Answer filed on July 21, 2008, the school district denied that Ayerro was its employee, or that any school district employee supervised Ayerro. (Def. SDP's Answer, ¶ 9 .) Defendant White's Answer, filed on September 26, 2009, also denied that Ayerro was an employee of the school district. (Def. White's Answer, ¶ 9.)[1]

On January 20, 2009, February 2, 2009 and February 18, 2009, Plaintiff requested documents

---

[1] Defendant Ayerro has failed to file an Answer, is unrepresented, and his whereabouts are unknown. (Mot. To Amend, ¶ 7.)

from the school district regarding the identity of Ayerro's employer. On February 20, 2009, Plaintiffs received documentation indicating that Ayerro's employer was ATA, a non-profit, forensic mental health clinic that specializes in the assessment and treatment formulation for children with severe emotional and behavioral problems. (Mot. to Amend, ¶ 16; Assessment & Treatment Alternatives, http://www.atainc.org/home.html.) Plaintiffs claim to have subpoenaed employment records from ATA without response. (Mot. to Amend, ¶ 16.)

Defendant White was deposed, after several delays, on April 13, 2009, at which point Plaintiffs also learned the identity and role of Ifeaniyui Azubike, an ATA behavior specialist assigned by ATA to supervise Ayerro onsite. (Mot. to Amend, ¶¶ 20-22.)

On April 24, 2009, Plaintiffs filed the motion at issue, seeking leave to include ATA and Azubike as Defendants, raising a number of claims pled in the original Complaint. This motion also seeks to include a negligence count against ATA, Azubike and existing Defendant, Ayerro. Defendants oppose the motion claiming that the statute of limitations has run. They argue that because the claim does not satisfy the relation back requirements under Fed. R. Civ. P. 15(c), amendment is futile and the motion should be denied. Defendants also assert that the motion should be denied because Plaintiffs unduly delayed in filing and because amendment would be prejudicial.

## LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 15(a)(2), a party is entitled to amend its complaint after the filing of responsive pleadings "only with the opposing party's written consent or the court's leave" and a court is to "freely give leave when justice so requires." The Third Circuit has taken a liberal approach to granting leave, noting that leave should be granted freely to ensure that a particular claim is decided on "the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-

87 (3d Cir. 1990).

While the standard is a liberal one, a court is not required to grant leave to amend in every instance where it is sought. A district court has discretion in granting or denying the opportunity to amend the pleadings. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a motion for leave to amend if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). The party seeking leave to amend "has the burden of showing that justice requires the amendment." Katzenmoyer v. City of Reading, 158 F.Supp.2d 491, 497 (E.D.Pa. 2001).

Here, it is undisputed that the statute of limitations has run on the claims raised in the amended complaint. Generally, when a party seeks leave to amend a complaint to add a new claim or party after the statute of limitations has run, the new claim or party must "relate back" to the filing date of the original complaint. Estate of Tony Grier v. Univ. of Penn. Health Sys., 2009 WL 1652168 at * 2 (E.D.Pa. June 11, 2009); Fed. R. Civ. P. 15(c).

Where the statute of limitations is implicated and a plaintiff seeks to add an additional defendant, each of the three requirements under Rule 15(c)(1)(C) must be satisfied. Estate of Tony Grier, 2009 WL 1652168 at * 3 (citing Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175-75 (3d Cir. 1977)). These requirements are: (1) the claim in the amended complaint must have arisen out of the same occurrence as set forth in the original complaint; (2) within the period provided by Rule 4(m), the party to be added must have received notice of the action so as not to be prejudiced; and (3) the party to be brought in must have known, or should have known, that the action would have been brought against the party but for a mistake of identity. Fed. R. Civ. P. 15(c)(1)(C).

The "relation back" criteria for amendment to add a party and amendment to add a claim

against existing parties are somewhat different. When the amendment proposes to add new claims against existing parties, Rule15(c)(1)(B) requires only that the new claim arise "out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Estate of Tony Grier, 2009 WL 1652168 at * 3 (citing Finley Assocs., Inc., v. Sea & Pines Consol. Corp., 714 F. Supp. 110, 115-16 (D.Del. 1989).

Defendants also ask the court to consider issues of undue delay and prejudice. However, according to the Third Circuit, "[t]here is no allowance in Rule 15(c) for inquiry into a party's delay in moving for leave to amend. Such equitable considerations are relevant to whether leave to amend should be granted under Rule 15(a), but do not relate to any of the enumerated conditions of Rule 15(c). Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted). "'Undue delay' is a reason to deny leave to amend but not to deny relation back." Id. (citing Anderson v. Deere & Co., 852 F.2d 1244, 1248 (10th Cir. 1988)). Consequently, because the issue before the Court pertains to "relation back" under Rule 15(c), we need not consider the timeliness of Plaintiffs' Motion to Amend.

## ANALYSIS

As noted infra, it is undisputed that the statute of limitations for all of the claims pled in the amended complaint is two years. Smith v. Holtz, 87 F.3d 108, 111 (3d Cir. 1996); Barnes v. American Tobacco Co. Inc., 984 F.Supp. 842, 855 (E.D.Pa. 1997). Here, the alleged violation occurred on June 1, 2006; the Complaint was filed on May 22, 2008; the state of limitations expired on June 1, 2008; and the Amended Complaint was filed on April 24, 2009. Because the statute of limitations had run when the Amended Complaint was filed, adding the parties and claims as Plaintiffs suggest, is only permissible if the relation back doctrine is satisfied.

<u>Motion to Amend to Add Defendants ATA and Azubike</u>

As set forth above, the first requirement under Rule 15(c)(1)(C) is that the claims against ATA and Azubike arise out of the same occurrence as set forth in the original Complaint. In the original Complaint, Plaintiffs accuse Ayerro of using excessive force against E.H. Plaintiffs seek leave to add Ayerro's supervisor (Azubike) and employer (ATA), unknown to Plaintiffs when the Complaint was first filed. The proposed Amended Complaint essentially relies upon the same facts as pled in the original Complaint. Thus, we find that Plaintiffs' claims against ATA and Azubike arise out of the same conduct set forth in the original pleading.

The second requirement under Rule 15(c)(1)(C) is that ATA and Azubike had notice of the original complaint within 120 days of it being filed. Notice under Rule 15 "does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." <u>Singletary v. Pennsylvania Dept. of Corrections</u>, 266 F.3d 186, 195 (3d Cir. 2001).

Notice "may be actual, constructive, or imputed, and [] imputed notice may be demonstrated by establishing that the proposed new defendant either shared an attorney or had an 'identity of interest' with the originally named defendant." <u>Esate of Tony Grier</u>, 2009 WL 1652168 at * 3. Identity of interest "means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." <u>Singletary</u>, 266 F.3d at 197.[2] "The test is whether the working relationship between the new

---

[2]In <u>Singletary</u>, 266 F.3d at 189, the plaintiff sought to amend his complaint to include a psychologist employed at the named defendant prison. Plaintiff argued that the psychologist had received constructive or implied notice of the suit because he had an identity of interest with the

defendant and the old one is such that notice may be reasonably implied." Green v. Robinson 2001 WL 1298999 *5 (E.D.Pa. Oct. 25, 2001) (citing Singletary, 266 F.3d at 197). Further, there "must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." Singletary, 266 F.3d at 195. Plaintiff has the burden of showing that the proposed new Defendants had notice of the suit. Estate of Tony Grier, 2009 WL 1652168 at *4.

Here, Plaintiffs claim that ATA and Azubike were aware of the events at issue as White, E. H.'s special education teacher, wrote a letter to ATA concerning Ayerro's conduct in 2006. (Pls.' Reply to Defs.' Response in Opp. to Mot. to Amend, ¶ 7.) However, Plaintiffs do not claim, as required by the precedent cited above, that ATA and Azubike had notice that Plaintiffs had instituted the action in May 2008. Indeed, this Court has not been provided with any information about the relationship between the school district and ATA and, therefore, we are unable to determine whether there was an identity of interest that existed at the time the Complaint was filed so to impute notice on ATA and Azubike.[3]

Rather than argue that ATA and Azubike were on notice of the suit, Plaintiffs instead attempt to impute a "good cause" analysis into the 120 day notice requirement of Rule 15(c)(1)(C), asserting they had good cause for failure to satisfy the notice requirement as they only recently learned the identity of ATA and Azubike. (Pls.' Reply to Defs.' Response in Opp. to Mot. to Amend, ¶ 7.)

---

prison as he was employed by it. Id. at 198. The court found that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interest with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c) purposes." Id. at 200.

[3] We also note that there is no evidence of record of a shared attorney between named and proposed defendants. Green, 2001 WL 1298999 at *3.

Plaintiffs raise this argument by citing to cases that were not decided based upon a Rule 15(c)(1) notice analysis and by misapplying a reference in 15(c) to the Service of Summons requirements under Rule 4(m).

We decline to engage in a "good cause" analysis because the applicable rule, 15(c)(1), says nothing about a "good cause" exception. While 15(c)(1) does reference Rule 4(m), which includes "good cause" language, a careful reading of Rule 4(m) reflects that the "good cause" language affords a Court discretion to consider reasons to allow service of a summons beyond 120 days. That issue - service of summons - is not, however, before the Court. Rule 15(c)(1)'s reference to the 120 day time period pertains to the time in which the party to be added shall receive "notice of the action that it will not be prejudiced in defending on the merits." In short, Plaintiffs conflate the two Rules and incorrectly attempt to insert a "good cause" analysis in Rule 15(c)(1). Plaintiffs' assertion that precedent supports "good cause" consideration in a "relation back" Rule 15(c)(1) analysis is equally misplaced.

For instance, Plaintiffs cite to U-Haul International, Inc. v. Gross Metal Products, Inc., 1999 WL 54545 at * 3-4 (E.D.Pa. Jan. 27, 1999), and urge that this case allows us to consider whether they had "good cause" for going beyond 120 days in providing ATA and Azubike notice of the action as required in Rule 15(c). The holding in U-Haul focused on whether the proposed defendant was so closely related to the named defendant that it was fair to presume that proposed defendant had learned of the complaint shortly after it commenced. In allowing the amendment, the court found that the proposed defendant had a "very close relationship" with the named defendant and cited to notes from the proposed new party indicating that they were aware of the lawsuit. Id. at * 4, n. 6. Based on these findings, the court found notice, pursuant to Rule 15(c)(1)(C), could be

imputed on the proposed defendant.  Id. at * 4.

In so ruling, the court did not, as Plaintiffs have suggested, find that there was a good cause exception that could excuse the notice requirement.  While the court did refer to Rule 4( m)'s "good cause" language, this concept was not discussed nor did it form the basis of the Court's ruling.  A mere mention of "good cause" does not, in our view warrant the creation of a "good cause" exception under Rule15(c).

Plaintiffs also cite to Green v. Robinson, 112 Fed. Appx. 165 (3d. Cir. 2004) to support their assertion that the Rule 4(m) good cause exception also applies to the Rule 15(c) relation back analysis.  Plaintiffs have misconstrued this case.  To understand Plaintiffs' misapplication of Green, it is first necessary to set out its somewhat complicated procedural history, in both the District and Appellate Courts.

In Green, the plaintiff filed his original complaint on April 25, 1997, naming several parties as defendants, including police officer Willie Robinson.  On May 30 1997, the District Court, *sua sponte,* dismissed the claims against Robinson and, thereafter, granted plaintiff's motion to stay the case, leaving it in suspense until September 19, 2000.   On December 14, 2000, the court granted plaintiff leave to re-file against Robinson under Fed. R. Civ. P. 15(a), 15(c) and 21.  Plaintiff then filed an amended complaint and served Robinson.  Green v. Robinson, 2001 WL 1298999 at *1-2 (E.D.Pa. Oct. 25, 2001).

In order to avoid a Rule 15(c)(3) relation back analysis,[4] the plaintiff requested that the court extend the service deadline under 4(m) from 120 days to a little under three years for "good cause." Id. at *5.  According to the  District Court, the plaintiff's "implicit argument" supporting his request

---

[4] Fed. R. Civ. P. 15(c)(3) is now Fed. R. Civ. P. 15(c)(1)(C).

for a good cause extension was that the delay "was caused, in a sense, by the court's decision to dismiss his original complaint. This *sua sponte* dismissal, when considered in light of Green's *pro se* status and his later decision to put the case in administrative suspense, did lead to today's adverse result." Id. However, the District Court denied the plaintiff's request to extend the service deadline, finding that because the proposed party was not a defendant in the case, "the deadline under 4(m) [could] not be tolled because it did not begin to run" and "any later attempt to bring him back into the case after the limitations period has run must face the strictures of Rule 15(C)(3)." Id.

The District Court's "good cause" analysis, thus, pertained to whether the plaintiff's failure to serve the defendant within 120 days, as required by Rule 4(m), was excused. The Court did not, contrary to Plaintiffs' assertion here, suggest that the Rule 4(m) good cause exception be applied to the notice requirement under Rule 15(c). In fact, when the court did address the Rule 4(m) period in the context of Rule 15(c), it specifically found that the 120 day period was a fixed one, not subject to exceptions, stating that "the period is meant to create a fixed and certain time within which potential defendants must either receive notice or be thereafter free from the threat of suit." Id. at *3 n.4. Thus, the District Court's rational, which we agree with, supports our decision to preclude the filing of the proposed amended Complaint.

Likewise, the Third Circuit's review in Green and good cause analysis also referred to the plaintiff's failure to serve defendant in a timely manner under Rule 4(m), and did not, as is relevant here, focus on a failure to provide notice under Rule 15(c). Green, 112 Fed. Apex. at 169-70.

In Estate of Tony Grier, 2009 WL 1652168 at *1, a case with a factual situation analogous to the case at hand, the plaintiff was also attempting to amend her complaint to add new defendants upon learning of their involvement after the statute of limitations had run. In Grier, the plaintiff's

husband passed away of lung cancer two months after mistakenly receiving a lung from a 31-year-old smoker, not from the "healthy 18-year-old male" as was intended.  In the original complaint, plaintiff had named several of the doctors and hospitals involved as well as "John and Jane Does 1-50."  Id.  After the statute of limitations had run, plaintiff sought leave to amend to replace three John Doe defendants.  The court found that "[a]bsent a showing that the proposed new defendants had actual, constructive or imputed notice of this action, the notice requirement of Rule 15(c)(1)(C)(i) ha[d] not been met and Plaintiff's proposed First Amendment Complaint [could] not relate back to the date of the original Complaint."  Id. at * 4.

We find Plaintiffs' position is similar to the plaintiff's position in Grier.  As in that case, there are no facts before us indicating that the proposed Defendants had actual, constructive, or imputed notice of the Complaint.  Under Rule 15(c), Plaintiff must satisfy all three relation back requirements.  Estate of Tony Grier, 2009 WL 1652168 at * 3.  Having failed the notice requirement, Plaintiffs' proposed Amended Complaint does not "relate back."

Motion to Amend to Add Negligence Claim

Plaintiffs also seeks leave to amend their Complaint to add a negligence count against ATA, Ayerro, and Azubike.  (Mot. to Amend, ¶ 23.)  Because we have denied Plaintiffs' request to add ATA and Azubike, we address this issue only as it relates to Ayerro.

Where a party is seeking to add a new claim against an existing party, Rule 15(c)(1)(B) requires that the new claim arose "out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Estate of Tony Grier, 2009 WL 1652168 at * 3.  As noted above, in the original Complaint, Plaintiffs accuse Ayerro of using excessive force against E.H. on June 1, 2006.  The negligence claim included in the proposed Amended Complaint, as it pertains to

Ayerro, essentially relies upon the same facts as pled in the original Complaint. Thus, we find that Plaintiffs' negligence claim against Ayerro arises out of the same conduct set forth in the original pleading.

While we will allow the amendment, the court notes that Ayerro has never been served. Rule 4(m) requires that "if a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Further, Rule 41(b) provides that if a plaintiff fails "to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The Supreme Court has found this rule does not require the defendant move for dismissal. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386 (1962).

Ayerro was a named defendant in the original Complaint, however, mistakenly believing him to be an employee of the School District of Philadelphia, Plaintiffs attempted to serve Ayerro along with the school district. The school district stated in its Answer that while "service documents indicate that an individual signed for 'Wilson Ayerro,' this signature was an error as no 'Wilson Ayerro' is employed by the District." (Def. SDP's Answer, n. 1.) Plaintiffs concede that Ayerro failed to file an Answer, is unrepresented by counsel, and his whereabouts are unknown. (Mot. to Amend, ¶ 7.) Therefore, while Plaintiffs have provided "good cause" to extend Rule 4(m)'s 120

service deadline, Plaintiffs are advised that unless they locate and serve Ayerro within 30 days from the date of the accompanying Order, the claims against Ayerro will be dismissed.

## **CONCLUSION**

Plaintiffs' claims against ATA and Azubike are time barred. The two year statute of limitations began to run on June 1, 2006. Plaintiffs' Amended Complaint does not relate back to the Original Complaint, filed on May 22, 2008, under Fed. R. Civ. P. 15(c)(1)(C) because proposed Defendants ATA and Azubike had no actual or implied notice of the institution of the action. An amendment to allow the addition of these parties would, therefore, be futile. The negligence claim against Ayerro, an existing party, satisfies the relation back analysis under 15(c)(1)(B) and will therefore be allowed. However, Plaintiffs are on notice that they must serve Ayerro within thirty (30) days or the claims against him will be dismissed.

Our Order follows.